GEO. TUCKER, RESPONDENT, *v.* W. HUDSON STEVENS, EXECUTOR, ETC., APPELLANT.

*Evidence — copy of account served on executor with offer to refer — when not admissible — Statement in books of testator, read to plaintiff — when admissible.*

In an action upon an account for wood sold to defendant's testator, the plaintiff offered in evidence a copy of a verified account served on the defendant, and also an offer to refer, and the same were, under the objection and exception of the defendant's counsel, received. *Held,* that their reception was error. That the papers were not proper evidence upon the issue, and it was not admissible to receive them, on the ground that they were addressed to the court on the question of costs.

The defendant offered to read an entry from the testator's books, testifying that he had read the same to the plaintiff. This was objected to and excluded. *Held,* that the court erred in so doing. That it was just as admissible as would be any parol statement of the facts, made in conversation between the parties, and admitted at the time to be correct.

APPEAL from a judgment rendered in the Lewis County Court, in an action on an account for wood sold defendant's testator.

The jury rendered a verdict for plaintiff for $24.20, for which amount, with costs, judgment was entered. On the trial, the plaintiff offered in evidence a copy of a verified account served on the executor, and also an offer to refer, which were received on

the question of costs, under objection and exception by the defendant's counsel; and defendant also offered to read an entry from the testator's books, testifying that he read the same to the plaintiff. This was objected to and excluded, and the defendant's counsel excepted.

*Adams & Swan,* for the appellant.

*A. I. Mereness,* for the respondent.

E. DARWIN SMITH, J.:

The reception, at the trial, of the two papers marked A and B, being the verified statements of the plaintiff's account, with the affidavit of verification delivered to the defendant as executor, etc., and the offer of the plaintiff to refer said account, was, we think, an error. These papers were not proper evidence upon the issue, and it was not admissible to receive them on the ground that they were addressed to the court on the question of costs. In trials by jury, it is indispensable to a proper administration of justice, that the evidence be strictly confined to the issue, and that all other kinds or species of testimony be carefully excluded. It is impossible to determine, accurately, what weight immaterial or irrelevant testimony may have on the minds of jurymen not versed in legal proceedings and accustomed to judicial investigations.

The court erred, I think, also, in excluding the evidence, offered by the defendant, of the entry of the account in his father's book, which the defendant testified that he read to the plaintiff. I do not see why it was not competent to read this entry, thus shown and read to the plaintiff. It was not offered as admissible, as an entry made in the books of the testator, but as a statement in writing shown to the plaintiff and read to him, as the testator's statement of the facts relating to said wood, and its receipt. It was just as admissible as any parol statement of the facts, made in conversation between the parties, and admitted at the time to be correct, and not denied. It was a precise and certain statement of a fact, made to the plaintiff by the defendant, and admitted by him to be correct, as the defendant claimed.

The judgment should, therefore, be reversed and a new trial granted, with costs to abide the event.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment reversed and new trial granted, costs to abide the event.